UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
JORDAN RANDOLPH,

Petitioner,

-against-

MARILYN KOPP, Superintendent of
Sing Sing Correctional Facility,

Respondent.
---------------------------------------------------------X

MEMORANDUM & ORDER
26-cv-03595 (NCM)

**NATASHA C. MERLE, United States District Judge:**

Petitioner Jordan Randolph, who is currently incarcerated at Sing Sing Correctional Facility on a 2023 conviction for aggravated vehicular homicide and other crimes related to driving while intoxicated, brings this *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging two 2016 convictions in the New York Supreme Court, Suffolk County, including one for driving while intoxicated. Petition ("Pet."), ECF No. 1. Petitioner's request to proceed *in forma pauperis* is granted for the limited purposes of this Order. ECF No. 2. For the reasons set forth below, the Court determines that petitioner has not satisfied the requirement of 28 U.S.C. § 2254(a) that he be "in custody pursuant to the judgment of a State court." Therefore, the Court orders petitioner to show cause in writing within thirty (30) days of the entry of this Order why the Court should not dismiss his petition.

## BACKGROUND

Petitioner seeks to challenge two Suffolk County Supreme Court convictions under Indictment No. 01043-2016 and Indictment No. 01517-2016. The Judgment of Conviction was entered on August 29, 2016, and petitioner was sentenced on September 29, 2016, to

terms of 10 months and 6 months, respectively, for those counts. Pet. 4.[1] The New York Appellate Division, Second Judicial Department, denied petitioner's direct appeal on February 27, 2019. *People v. Randolph*, 94 N.Y.S.3d 546 (App. Div. 2019). Petitioner did not seek further review in the New York Court of Appeals or the United States Supreme Court because, he states, he "was released from prison" and "appellate counsel failed to contact [him] before filing a[n] appeal." Pet. 7, 10. Petitioner filed a motion pursuant to New York's Criminal Procedure Law § 440.10 on November 26, 2024, and the Suffolk County Supreme Court denied the motion on November 12, 2025. Pet. 8, 27–31. The Appellate Division, Second Judicial Department, denied leave to appeal on February 9, 2026, and the Court of Appeals denied leave to file on May 22, 2026. Pet. 9, 35, 37.

Petitioner filed the instant petition by placing it in the prison mailbox on June 9, 2026. Pet. 25, 38.

**DISCUSSION**

"The first showing a § 2254 petitioner must make is that he is 'in custody pursuant to the judgment of a State court.'" *Lackawanna Cnty. Dist. Att'y v. Coss*, 532 U.S. 394, 401 (2001) (quoting 28 U.S.C. § 2254(a)).[2] The "in custody" provision "requires that the habeas petitioner be in custody *under the conviction or sentence under attack at the time his petition is filed*." *Percinthe v. Anderson*, No. 25-cv-03866, 2026 WL 1998728, at *1 (E.D.N.Y. July 10, 2026) (quoting *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989)); *see*

---

[1] Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

[2] Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

*also Santagata v. New York*, No. 19-CV-1176, 2019 WL 2162705, at *2 (E.D.N.Y. May 17, 2019) ("If a *habeas* petitioner suffers no present restraint from a conviction at the time he files a federal *habeas* petition challenging that conviction . . . he cannot satisfy the custody requirement."). When a petitioner's sentence for a conviction has fully expired, the conviction may not be challenged under Section 2254, because the petitioner is no longer "in custody" pursuant to that conviction. *Maleng v. Cook*, 490 U.S. at 492; *see also Percinthe*, 2026 WL 1998728, at *2 (plaintiff, while incarcerated pursuant to a 2019 conviction, could not challenge a 2003 conviction for which the sentence had already "fully expired").

Custody in this context is not limited to "actual, physical custody," *Vega v. Schneiderman*, 861 F.3d 72, 73 (2d Cir. 2017) (citing *Jones v. Cunningham*, 371 U.S. 236, 239–40 (1963)); rather, parole or probation satisfies the in-custody requirement, *Earley v. Murray*, 451 F.3d 71, 75 (2d Cir. 2006) (holding that post-release supervision satisfies the custody requirement). However, once the period of supervision or constraint has fully expired, the petitioner is no longer considered to be in custody. *See Scanio v. United States*, 37 F.3d 858, 860 (2d Cir. 1994) (citing *Maleng*, 490 U.S. at 491). Further, the collateral consequences of a criminal conviction, such as the inability to vote, engage in certain businesses, or serve as a juror, are insufficient to satisfy the in-custody requirement. *See Ogunwomoju v. United States*, 512 F.3d 69, 73-74 (2d Cir. 2008) (citing *Maleng*, 490 U.S. at 492).

Here, petitioner asserts that his sentences were 10 and 6 months and suggests that he had been released from incarceration by at least February 27, 2019. *See* Pet. 5, 7, 10.

The petition does not allege that petitioner remained under post-release supervision from the time his custodial sentences were completed until the time he filed the instant petition on June 9, 2026. Thus, the Court finds no basis to conclude that he remained "in custody" pursuant to the 2016 convictions or sentences at the time he filed the petition. Accordingly, it appears that this Court is without jurisdiction to consider his petition. *See Dhinsa v. Krueger*, 917 F.3d 70, 79 (2d Cir. 2019) ("We have characterized this statutory 'custody' requirement as 'jurisdictional,' and therefore mandatory and non-waivable.").

However, since petitioner is proceeding *pro se* and entitled to a liberal pleading standard, he is afforded thirty days to show cause why his petition should not be dismissed for lack of jurisdiction because he is no longer in custody pursuant to the 2016 Suffolk County convictions he seeks to challenge in that petition.

**CONCLUSION**

For the reasons stated above, petitioner is directed to show cause by affirmation,[3] within thirty (30) days from the date of this Order, why his petition should not be dismissed for lack of jurisdiction pursuant to Section 2254's "in custody" requirement. In that affirmation, petitioner must inform the Court of the terms of his imprisonment for the convictions he challenges. If the terms of imprisonment and any post-release supervision have been completed, then he is no longer in custody pursuant to those convictions and he cannot challenge them in a Section 2254 petition.

No response shall be required from respondent at this time, and all further proceedings shall be stayed pending resolution of the Court's order to show cause. If

[3] An affirmation form is attached to this Order for petitioner's convenience.

petitioner fails to comply with this Order within the time allowed, the instant petition may be dismissed for lack of jurisdiction.

The Clerk of Court is directed to mail a copy of this Order to petitioner at the address provided and note the mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Natasha C. Merle*
**NATASHA C. MERLE**
United States District Judge

Dated: Brooklyn, New York
September 17, 2026