UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JORDAN RANDOLPH,

*Petitioner*,

– against –

MARILYN KOPP, Superintendent of Sing Sing Correctional Facility,

*Respondent*.

**MEMORANDUM & ORDER**
26-cv-03595 (NCM)

**NATASHA C. MERLE**, United States District Judge:

Petitioner Jordan Randolph, who is currently incarcerated at Sing Sing Correctional Facility, petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He brings this *pro se* petition for habeas relief with respect to two 2016 convictions. For the reasons set forth below, the petition is **DISMISSED** for lack of jurisdiction.

## LEGAL STANDARD

Courts may entertain a petition for a writ of habeas corpus on behalf of a petitioner in custody pursuant to the judgment of a state court only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Pursuant to Rule 4 of the Rules Governing § 2254 Cases, the Court has the ability to review and dismiss a section 2254 petition without ordering a responsive pleading from the state, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4; *see Acosta v. Artuz*, 221 F.3d 117, 123 (2d Cir. 2000).

Courts are required to give special consideration to litigants who represent themselves in court. A pro se litigant's pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).[1] The Court "liberally construe[s] pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (quoting *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007)). However, a pro se litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 477 (2d Cir. 2006) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

**BACKGROUND**

Petitioner seeks to challenge the constitutionality of two 2016 Suffolk County Supreme Court convictions for driving while intoxicated and criminal possession of a forged instrument. Pet. 4, ECF No. 1.[2] Judgment was entered on August 29, 2016, and petitioner was sentenced on September 28, 2016, to terms of 10 months and 6 months, respectively, for those convictions. Pet. 4. The New York Appellate Division, Second Judicial Department, denied petitioner's direct appeal on February 27, 2019. *People v. Randolph*, 94 N.Y.S.3d 546 (2d Dep't 2019). Petitioner did not seek further review in the New York Court of Appeals or the United States Supreme Court because, he states, he

---

[1] Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

[2] Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

"was released from prison" and "appellate counsel failed to contact [him] before filing a[n] appeal." Pet. 7, 10.

In 2023, petitioner was convicted of subsequent charges of driving while intoxicated and aggravated vehicular homicide. Pet'r's Aff. 22, ECF No. 6. On June 16, 2023, he was sentenced to an indeterminate term of 12.5 years to 25 years incarceration in connection with those convictions. Pet'r's Aff. 2, 22. That sentence was enhanced due to his previous 2016 conviction for driving while intoxicated. Pet'r's Aff. 2. He remains incarcerated pursuant to that sentence. Pet'r's Aff. 2.

On January 17, 2025, petitioner filed a motion pursuant to New York's Criminal Procedure Law § 440.10 challenging his 2016 convictions. Pet. 27–31. The Suffolk County Supreme Court denied the motion on November 12, 2025. Pet. 8, 27–31. The Appellate Division, Second Judicial Department, denied leave to appeal on February 9, 2026, and the Court of Appeals denied leave to appeal on May 22, 2026. Pet. 9, 35, 37.

Petitioner filed the instant petition by placing it in the prison mailbox on June 9, 2026. Pet. 25, 38. On September 17, 2026, this Court issued an Order to Show Cause ("September Order"), which directed petitioner to show cause why the action should not be dismissed for lack of jurisdiction pursuant to Section 2254's "in custody" requirement, given that he challenges the 2016 convictions, for which his sentences had already elapsed. Memorandum & Order at 4, ECF No. 5. Petitioner responded that he is still "in custody" pursuant to his 2016 convictions because his 2016 driving while intoxicated conviction was used at sentencing to enhance the terms for his 2023 conviction. Pet'r's Aff. 7.

## DISCUSSION

To succeed on a habeas petition pursuant to 28 U.S.C. § 2254, the petitioner must demonstrate that he is "in custody pursuant to the judgment of a State court." *Lackawanna Cnty. Dist. Att'y v. Coss*, 532 U.S. 394, 401 (2001) (quoting 28 U.S.C. § 2254(a)). The "in custody" element does not require that a petitioner be physically restrained. *Vega v. Schneiderman*, 861 F.3d 72, 74 (2d Cir. 2017) (citing *Jones v. Cunningham*, 371 U.S. 236, 239–40 (1963)). For example, being under post-release supervision or parole can satisfy the "in custody" element without continued incarceration. *Earley v. Murray*, 451 F.3d 71, 75 (2d Cir. 2006) ("Post-release supervision, admitting of the possibility of revocation and additional jail time, is considered to be custody").

However, once a sentence has expired, collateral consequences of the expired sentence alone generally cannot satisfy the "in custody" requirement. *See Maleng v. Cook*, 490 U.S. 488, 492 (1989). Such collateral consequences include when "that conviction is later used to enhance a criminal sentence." *Coss*, 532 U.S. at 403. In other words, when a prior conviction is no longer open to direct or collateral attack—for example, where the defendant has failed to pursue state remedies when they were available or where he has pursued and exhausted them without success—and the associated sentence has elapsed, "the [petitioner] generally may not challenge [his] enhanced sentence [for a subsequent conviction] through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." *Id.* at 403–04.

There are, nevertheless, a few narrow exceptions under which a court may reach through an enhanced sentence to assess the validity of an underlying prior conviction. *Valdez v. Hulihan*, 640 F. Supp. 2d 514, 516 (S.D.N.Y. 2009) (citing *Coss*, 532 U.S. at

403–06). Specifically, the court "may consider such a petition only if the petitioner argues that his current sentence was enhanced on the basis of a prior conviction that was obtained" under circumstances where "(1) there was a failure to appoint counsel; (2) a state court unjustifiably refused to rule on a constitutional claim that had been properly presented; or (3) the petitioner presents compelling evidence of actual innocence." *Id.* (citing *Coss*, 532 U.S. at 403–06). Absent those exceptions, however, a 2245 petition based on alleged constitutional defects in a prior conviction must be dismissed. *See Dhinsa v. Krueger*, 917 F.3d 70, 79 (2d Cir. 2019) ("We have characterized this statutory 'custody' requirement as 'jurisdictional,' and therefore mandatory and non-waivable.").

Here, defendant argues that he meets the "in custody" requirement because his prior 2016 conviction for driving while intoxicated was used "to enhance the present sentence"—meaning the 2023 sentence for which he is currently incarcerated. Aff. 2. But that argument is insufficient, because it is clear from the record that his case meets none of the narrow exceptions just enumerated.

First, though petitioner argues his counsel was ineffective, the record reflects that he nevertheless did *have* counsel throughout his 2016 case. *See* Pet. 16 (asserting that defense counsel was ineffective "during [the] entire proceeding" because "defense counsel failed to review" certain documents "before advising the Petitioner to enter a[ ]guilty plea").

Second, the state courts also did not unreasonably delay ruling on either his direct appeal or his 440.10 motion. *See Randolph*, 94 N.Y.S.3d 546 (denying direct appeal on February 27, 2019); Pet. 7, 10 (acknowledging that petitioner did not seek further direct review); Pet. 8, 27–31 (noting that Suffolk County Supreme Court denied the 440.10 motion on November 12, 2025); Pet. 9, 35, 37 (noting that the Appellate Division, Second

Judicial Department, denied leave to appeal the denial of the 440.10 motion on February 9, 2026, and the Court of Appeals denied leave to appeal on May 22, 2026).

And, finally, petitioner does not raise a claim of actual innocence. He argues only that if his counsel had properly advised him about the alleged illegality of a warrantless chemical test performed on him over two hours following the incident at issue, he would not have entered a guilty plea to the driving while intoxicated charge. Pet. 20. "A claim for actual innocence does not concern legal innocence or procedural issues . . . but instead hinges on actual, factual innocence." *Farmer v. Colvin*, No. 17-cv-01091, 2021 WL 4555835, at *12 (S.D.N.Y. Aug. 30, 2021), *report and recommendation adopted*, 2021 WL 4555041 (Oct. 4, 2021) (citing *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). Accordingly, he has not met that exception either.

Thus, petitioner has not demonstrated that he meets the threshold "in custody" requirement necessary to bring a § 2254 claim challenging his 2016 convictions. Accordingly, this Court is without jurisdiction to grant this petition. *See Dhinsa*, 917 F.3d at 79.

## CONCLUSION

For the foregoing reasons, it is hereby ordered that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED**.

As petitioner has not made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); *Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 111–13 (2d Cir. 2000).

The Clerk of Court is respectfully directed to enter judgment consistent with this Memorandum & Order, mail a copy of the judgment and this Memorandum & Order to petitioner, note the mailing on the docket, and close the case.

**SO ORDERED.**

*/s/ Natasha C. Merle*
NATASHA C. MERLE
United States District Judge

Dated: November 9, 2026
Brooklyn, New York